UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIC COOKS,

      Plaintiff,

v.                                                    Case No:  2:14-cv-679-FtM-29CM

DENNY'S,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of the file.  On December 29, 2014, the Court denied without prejudice Plaintiff's Affidavit of Indigency, which the Court construed as a motion to proceed *In Forma Pauperis*.  Doc. 4.  The Court found that Plaintiff's complaint was not sufficiently pled and consequently denied Plaintiff's motion without prejudice to allow Plaintiff the opportunity to submit an amended complaint.  *Id.*  To date, Plaintiff has not filed an amended complaint. Accordingly, the undersigned recommends that this case be dismissed.

    Plaintiff filed a complaint with this Court on November 21, 2014 and appears to allege that he was subjected to a hostile work environment.  Doc. 1. Simultaneous with the complaint, Plaintiff filed an Affidavit of Indigency (Doc. 2), which the Court construed as a motion to proceed *In Forma Pauperis*.  Pursuant to

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

28 U.S.C. §1915(e)(2) the Court reviewed the complaint to determine whether it was sufficiently pled.   The Court noted that "[a]lthough Plaintiff generally set forth some facts that allege hostile work environment and retaliation claims, and properly attaches an EEOC right-to-sue letter, the Complaint does not contain sufficient facts to satisfy Federal Rule of Civil Procedure 8."   Doc. 4 at 3.   The Court also provided the Plaintiff with guidance as to what he must specifically plead to sufficiently maintain a Title VII cause of action.   *Id.* at 2.   Moreover, the Court informed Plaintiff of resources to assist him in proceeding without a lawyer.   *Id.* at 4.

The Court allowed Plaintiff until January 29, 2015 to file an amended complaint.   *Id.*   The Court cautioned that failure to comply with the Order could result in the Court recommending that this matter be dismissed.   *Id.* at 4.   The time elapsed for Plaintiff to file the amended complaint; but rather than recommending dismissal at that time, the Court allowed Plaintiff one additional opportunity to amend his complaint.   Doc. 5.   Plaintiff was given until March 18, 2015 to submit his amended complaint.   *Id.*   Over 3 months have passed since that deadline, and Plaintiff has yet to file an amended complaint.

Although Plaintiff is proceeding *pro se*, he still is required to conform to the Federal Rules of Civil Procedure and Local Rules.   *See Dash v. Chasen*, 503 Fed. Appx. 791, 795 n.1 (11th Cir. 2013) (explaining that *pro se* litigants still are required to conform to procedural rules).   He also was cautioned that failure to comply with the Court's prior Orders within the time permitted would result in the Court recommending that this action be dismissed.

ACCORDINGLY, it is respectfully **RECOMMENDED:**

1. That this action be **DISMISSED without prejudice.**

2. That the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 26th day of June, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se party